UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CV-27-BR

| | |
|---|---|
| PHILLIP B. PROCTOR and ) | |
| TINA PROCTOR, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on the 5 April 2011 motion to dismiss filed by defendant United States of America ("defendant") and on defendant's 6 April 2011 motion to seal. The motions are ripe for disposition.

## I. BACKGROUND

In 1985, plaintiff Philip B. Proctor ("Proctor") was employed by the United States Department of Agriculture. In July or August 1985,[1] he severely injured his spinal column while on the job. Proctor filed a workers' compensation claim under the Federal Employees' Compensation Act ("FECA"), which was accepted in January 1986. (A. Rios Decl., DE # 17-1, ¶¶ 2-3; Pls.' Resp. Def.'s Mot. Dismiss, DE # 19, at 2.) At that time, Proctor was determined to be one hundred percent temporarily disabled. (A. Rios Decl., DE # 17-1, ¶ 3; Pls.' Resp. Def.'s Mot. Dismiss, DE # 19, at 2.)

On 28 August 1997, the Office of Workers' Compensation Programs ("OWCP") sent

---

[1] The exact date of plaintiff's injury is unclear. Plaintiffs' pleadings list the date of injury as 8 August 1985 (see Compl., DE #1, ¶ 4; Pls.' Resp. Def.'s Mot. Dismiss, DE # 19, at 2), while other documents list the date of injury as 16 July 1985 (see, e.g., A. Rios Decl., DE # 17-1, ¶ 2; Id., Ex. 1, DE # 17-2, at 2-3). This discrepancy is not material to the issues currently before the court.

Proctor a notice of proposed reduction of compensation. (Compl., Ex. A, DE # 1-2.) The OWCP recommended the reduction in benefits because the agency determined that Proctor had sufficient work capacity and transferrable skills to find employment as a Maintenance Mechanical Supervisor. (Id.) On 26 January 1998, the OWCP sent Proctor a final notice of reduction in compensation. (Compl., DE # 1, ¶ 11; A. Rios Decl., Ex. 9, DE # 17-10.) Proctor's workers' compensation benefits were reduced by about eighty percent, from approximately $1650 to approximately $300 per month. (Compl., DE # 1, ¶ 11.)

From 1998 to 2009, Proctor challenged the OWCP's decision to reduce his benefits and filed numerous unsuccessful appeals, requests for reconsideration, requests for oral hearings, and requests for review by the Employees' Compensation Appeals Board. (Compl., DE # 1, ¶ 12; Def.'s Mem. Supp. Mot. Dismiss, DE # 11, at 5-7.) Then, on 24 July 2009, the OWCP determined that its prior decision of 26 January 1998 was erroneous. (Compl., Ex. B., DE # 1-3.) In its 24 July 2009 ruling, the OWCP found that

> [t]he original . . . decision was issued in error due to a mistake made by the vocational rehabilitation counselor regarding the strength classification of the position identified as suitable. Furthermore, the record does not support that you were vocationally qualified to perform either position that she identified as suitable based upon your education and work history.

(Id. at 4.) Based on this finding, the OWCP awarded Proctor retroactive benefits back to the date that his benefits were reduced. (A. Rios Decl., Ex. 34, DE # 17-35, at 2.) Proctor has received a total of $494,830.32 in FECA benefits as of 30 March 2011. (Id., Ex. 35, DE # 17-36.)

On 16 October 2009, Proctor and his wife, Tina Proctor ("plaintiffs"), submitted a "Standard Form 95" ("SF-95") administrative claim to the Department of Labor. (Compl., Ex. D, DE # 1-5.) Plaintiffs maintained that the OWCP had negligently classified Proctor's wage

2

earning capacity in 1997 and had drastically reduced his benefits. As a result of the OWCP's negligence, plaintiffs stated that they suffered severe emotional distress, humiliation, and loss of consortium, among other injuries. (Id.)

Plaintiffs subsequently filed this action pursuant to the Federal Tort Claims Act ("FTCA") on 19 January 2011. In their complaint, plaintiffs assert claims of negligence, negligent supervision and respondeat superior, loss of enjoyment of life, loss of consortium, and negligent infliction of emotional distress. Plaintiffs allege that the OWCP's Department Claims Examiners breached a duty of care to Proctor "by failing to conduct an accurate and fair vocational report or noticing the error of its conduct for over 11 years." (Compl., DE # 1, ¶ 39.)

On 25 February 2011, the Department of Labor ("Department") denied plaintiffs' SF-95 claim filed pursuant to the FTCA. (C. Carter Decl., Ex. 2, DE # 17-39.) The Department's review disclosed no liability on the part of the United States. (Id.) The Department also found that plaintiffs' claims should be denied, *inter alia*, because they were barred by the exclusive remedy provisions of the FECA. (Id.)

Defendant filed a motion to dismiss plaintiffs' complaint in this action on 5 April 2011. Plaintiffs filed a response on 21 May 2011, and defendant filed a reply on 3 June 2011.

## II. DISCUSSION

A.  Motion to Dismiss

The United States is entitled to sovereign immunity and cannot be sued without its consent. See FDIC v. Meyer, 510 U.S. 471, 475 (1994). Accordingly, the court's jurisdiction over claims against the United States is limited to the terms of the United States' consent to be sued. See id.; Lehman v. Nakshian, 453 U.S. 156, 160 (1981). The FTCA provides a limited

3

waiver of sovereign immunity for torts committed by agents or employees of the United States acting within the scope of their employment. See Williams v. United States, 50 F.3d 299, 305 (4th Cir. 1995). As a waiver of immunity, the FTCA is to be "strictly construed, and all ambiguities are resolved in favor of the sovereign." Robb v. United States, 80 F.3d 884, 887 (4th Cir. 1996). Claims brought against the United States under the FTCA may only proceed where the claimant has complied with certain exhaustion requirements, including presentation of the claim to the appropriate federal agency and denial of the claim by the agency. See 28 U.S.C. § 2675(a).

The proper procedure for analyzing whether the FTCA confers jurisdiction over an action against the United States is through a motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. See Williams, 50 F.3d at 304. Plaintiffs have the burden of proving that subject matter jurisdiction exists because "[t]he party who sues the United States bears the burden of pointing to . . . an unequivocal waiver of immunity." Id. (alterations in original) (citation and internal quotation marks omitted); see also Lumsden v. United States, 555 F. Supp. 2d 580, 584 (E.D.N.C. 2008). The court may consider facts and exhibits outside of the pleadings without converting the motion to dismiss into a motion for summary judgment. See Williams, 50 F.3d at 304; Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999).

The FECA provides compensation for a federal employee's personal injuries "sustained while in the performance of his duty . . . ." 5 U.S.C. § 8102(a). For injuries within its coverage, the FECA's remedy is exclusive of any other remedy, including the FTCA. 5 U.S.C. § 8116(c); Noble v. United States, 216 F.3d 1229, 1234 (11th Cir. 2000) ("FECA is the federal employee's exclusive remedy against the federal government for on-the-job injuries.").

4

The FECA was "designed to protect the Government from suits under statutes, such as the Federal Tort Claims Act, that had been enacted to waive the Government's sovereign immunity." Lockheed Aircraft Corp. v. United States, 460 U.S. 190, 193-94 (1983); see also Noble, 216 F.3d at 1234. Like workers' compensation statutes generally, the FECA is intended to serve as a substitute rather than a supplement for the tort suit. See United States v. Demko, 385 U.S. 149, 151 (1966); Bailey v. United States, 451 F.2d 963, 965 (5th Cir. 1971). Under the FECA, "employees are guaranteed the right to receive immediate, fixed benefits, regardless of fault and without need for litigation, but in return they lose the right to sue the Government." Lockheed Aircraft, 460 U.S. at 194.

The Secretary of Labor ("the Secretary") is authorized to administer and decide all questions arising under the FECA. See 5 U.S.C. §§ 8145, 8149. The Secretary has delegated responsibility for administering the FECA to the Director of the OWCP. 20 C.F.R. § 10.l. Once a claim for benefits is filed, the OWCP considers the claim and issues a decision with findings of fact. 20 C.F.R. § 10.125. After receiving a final decision, a claimant may appeal the OWCP's decision to the Employees' Compensation Appeals Board. 5 U.S.C. § 8149; 20 C.F.R. § 501.3. Section 8128(b) of the FECA provides that the courts do not have jurisdiction to review claims that challenge the merits of benefit determinations:

> The action of the Secretary or his designee in allowing or denying a payment under this subchapter is—
> (1) final and conclusive for all purposes and with respect to all questions of law and fact; and
> (2) not subject to review by another official of the United States or by a court by mandamus or otherwise.

5 U.S.C. § 8128(b). This "language is clear and its meaning unmistakable: Federal courts have no jurisdiction to review final judgments of the Secretary of Labor and his officers in these

statutory matters, regardless of whether other, more general, statutes might seem to grant such jurisdiction." Staacke v. United States Sec'y of Labor, 841 F.2d 278, 281 (9th Cir. 1988). "Significantly, the Supreme Court has singled out section 8128(b) as a model preclusion-of-review statute, noting that Congress uses such 'unambiguous and comprehensive' language 'when [it] intends to bar judicial review altogether.'" Id. (alteration in original) (quoting Lindahl v. Office of Pers. Mgmt., 470 U.S. 768, 779-80 & n.13 (1985)).

Here, defendant argues that plaintiffs' tort action is barred because the FECA provides plaintiffs' exclusive remedy for their injuries. See 5 U.S.C. § 8116(c). In response, plaintiffs contend that the FECA's exclusivity provision does not apply to them. They maintain that "[t]he FECA itself statutorily limits its purview to the 'disability or death of an employee <u>resulting from personal injury sustained while in the performance of his duty</u>.'" (Pls.' Resp. Def.'s Mot. Dismiss, DE # 19, at 5 (emphasis in original) (quoting 5 U.S.C. § 8102(a).) Thus, while it is undisputed that Proctor's initial on-the-job injury fell within the coverage of the FECA, plaintiffs insist that "the OWCP's negligence in reviewing Mr. Proctor's medical and vocational capacity . . . has no bearing or relation to any work-related injury" that Proctor sustained. (Id.) Rather, plaintiffs argue that the OWCP's negligence caused "separate and distinct injuries" that are "unrelated to claims for compensation under FECA . . . ." (Id. at 1.) Plaintiffs claim to have suffered, among other things, a severe loss of enjoyment of life, loss of earnings, and severe emotional damages as a result of the OWCP's breach of the duty of care allegedly owed to Proctor. (See, e.g., Compl. ¶¶ 39-40, 45, 48-49, 52-54, 57-58.)

The court finds that plaintiffs have failed to meet their burden of establishing that subject matter jurisdiction exists over this action. They do not cite to a single case where a court has

6

allowed a lawsuit relating to the alleged improper administrative review of a claim for FECA benefits to proceed under the FTCA. Furthermore, although plaintiffs' claims are couched in tort language regarding the OWCP's alleged duty to conduct vocational reports in a fair and accurate manner (see, e.g., Compl., DE # 1, ¶ 39; Pls.' Resp. Def.'s Mot. Dismiss, DE # 19, at 11), the true crux of their argument is that the OWCP wrongfully and negligently reduced Proctor's FECA benefits on 26 January 1998. Thus, plaintiffs essentially seek to have the court independently review the substance of this decision to reduce Proctor's benefits, particularly with respect to the classification of his medical and vocational capacities. (See Pls.' Resp. Def.'s Mot. Dismiss, DE # 19, at 1 ("Plaintiffs' Complaint alleges negligence in the classification of [Proctor's] vocational ability . . . .").) However, as previously discussed, the actions of the Secretary in granting or denying payment of benefits under the FECA are "not subject to review by another official of the United States or by a court by mandamus or otherwise." 5 U.S.C. § 8128(b)(2).

Moreover, the court disagrees with plaintiffs' argument that the losses alleged in this action are outside the coverage of the FECA. See Noble, 216 F.3d at 1236 (the OWCP's delay in processing plaintiff's request for authorization of surgery did not break the causal connection between his initial on-the-job injury and the pain and job loss he suffered while awaiting authorization for surgical treatment of that injury; thus, plaintiff's claims fell within the FECA's coverage but were uncompensable under the statute's limited remedies);[2] Nelson v. Paulson, No.

---

[2] Plaintiffs contend that Noble is distinguishable from this case. In Noble, the Eleventh Circuit Court of Appeals stated that "[t]he aggravation of [the plaintiff's] initial injuries, suffered while he was indubitably in performance of his duty, should be regarded as resulting from the initial injuries themselves . . . ." Noble, 216 F.3d at 1235 (second alteration in original) (citation omitted). In arguing that their claims do not fall within the coverage of the FECA and therefore should be allowed to proceed under the FTCA, plaintiffs focus on the Eleventh Circuit's

(continued...)

C08-1034-JCC, 2009 WL 927805, at *4 (W.D. Wash. Apr. 1, 2009) ("Because Plaintiff's underlying injury falls under FECA, the Court lacks jurisdiction over his claims against the Secretary for injury or negligence in the administration of that claim."); Petersen v. United States, No. 1:06-CV-1364 AWI NEW (WMW), 2007 WL 1544776, at *7 (E.D. Cal. May 25, 2007) (where plaintiff tried to obtain benefits beyond his actual injury by arguing that the OWCP negligently addressed and processed his claim for FECA benefits, plaintiff's claim did not give rise to a separate cause of action and the FECA remained his exclusive remedy), aff'd, 319 Fed. Appx. 515 (9th Cir. 2009). As a result, the court lacks jurisdiction over plaintiffs' claims both because the FECA provides their exclusive remedy and because the FECA precludes judicial review of claims challenging the Secretary's benefit determinations. The court concludes that the OWCP's alleged failures in administering Proctor's claim for FECA benefits do not give rise to a separate cause of action for which this court has jurisdiction under the FTCA.

Although the court sympathizes with plaintiffs and regrets the lengthy delay that Proctor experienced in having his benefits fully restored, Proctor "did successfully obtain retroactive benefits through the administrative process, a fact that militates against the court's exercising

---

²(...continued)
use of the word "aggravation" and assert that the OWCP's negligence in this case "did nothing to aggravate the severe spinal cord injury that rendered Mr. Proctor one hundred percent totally disabled." (Pls.' Resp. Def.'s Mot. Dismiss, DE # 19, at 6; see also id. at 7 ("Plaintiffs do not argue that the OWCP's negligent mischaracterization somehow aggravated Mr. Proctor's prior and separate injury.").) As a result, plaintiffs insist that the injuries they allege in this case, such as loss of enjoyment of life, loss of earnings, and severe emotional damages, cannot be considered to have resulted from Proctor's initial on-the-job injury.
   However, the plaintiff in Noble did not simply argue that his original physical injury had been exacerbated. Plaintiffs in this case overlook the fact that Noble argued that he suffered an additional injury in that he claimed that the loss of his job was also attributable to the OWCP's negligent actions. See Noble, 216 F.3d at 1233, 1235-36. Thus, it is apparent that the Eleventh Circuit's use of the word "aggravation" was not meant to be interpreted strictly in a physical sense, as plaintiffs appear to maintain. Furthermore, the Eleventh Circuit rejected an argument similar to the one plaintiffs make here – that the OWCP's actions could be characterized as a "separate injury from [Noble's] initial on-the-job injury . . . ." Id. at 1235. The court finds that plaintiffs' attempts to distinguish Noble are without merit.

jurisdiction over this case." Hronek v. Sec'y, Dept. of Health, No. Civ.A.CCB-03-330, 2003 WL 24026306, at *3 (D. Md. July 7, 2003). Because the court concludes that it is without jurisdiction to review plaintiffs' claims, it has not considered defendant's alternative basis for dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

B.     Motion to Seal

Defendant has also filed a motion to seal Exhibits A and B to its memorandum in support of its motion to dismiss. Defendant states that it inadvertently failed to redact certain personal information that is required to be redacted under Rule 5.2(a) of the Federal Rules of Civil Procedure. Defendant filed redacted versions of the documents at issue on 4 May 2011. (See DE # 17.) The Federal Rules of Civil Procedure recognize the compelling nature of the interest in keeping an individual's personal information, such as date of birth and Social Security number, out of public court records. See Fed. R. Civ. P. 5.2(a). Because redacted versions of the documents have been filed, the court finds it appropriate to seal the unredacted documents. The motion to seal will therefore be allowed.

### III.  CONCLUSION

Defendant's motion to dismiss (DE # 10) and its motion to seal (DE # 13) are GRANTED. The Clerk of Court is DIRECTED to maintain Exhibits A and B (DE ## 11-1, 11-2) to defendant's memorandum in support of its motion to dismiss under seal. The Clerk is also

9

DIRECTED to enter judgment in favor of defendant and close the case.

This 17 August 2011.

                                                  W. Earl Britt
                                                  Senior U.S. District Judge